**IN THE UNITED STATES   DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLORIA WEICHAND and** | : | **No. 3:06cv435** |
| **RALPH WEICHAND, her husband,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE GUARDIAN LIFE** | : | |
| **INSURANCE COMPANY OF** | : | |
| **AMERICA and BERKSHIRE** | : | |
| **LIFE INSURANCE COMPANY** | : | |
| **OF AMERICA,** | : | |
| **Defendants** | : | |

## MEMORANDUM and ORDER

_____Before the court for disposition is the defendants' motion for reconsideration of our order of July 31, 2007 or in the alternative for certification of the order for interlocutory appeal, for stay of proceedings and for oral argument on the motion.  The matter has been fully briefed and is ripe for disposition.   For the reasons that follow, the defendants' motion will be denied.

**Background**

This case involves benefits that plaintiffs allege are due under Plaintiff Gloria Weichand's long term disability insurance.  On July 31, 2007, we denied the defendants' motion to dismiss.   In its motion to dismiss, defendant argued that plaintiff's state law claims should be dismissed as preempted by Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").   ERISA preempts state law with respect to "employee benefit plans." 29 U.S.C. § 1144(a).  Defendants argued that plaintiff's long-term disability insurance was an employee benefit plan; and therefore, pre-empted under ERISA.  Plaintiffs' position was that the policy was an individual contract of insurance governed by state insurance law, not an employee benefit plan.  After analyzing the

relevant case law and the goals of ERISA, we determined that plaintiffs' state law causes of action are not preempted by ERISA.

On August 14, 2007, the defendants filed a motion for reconsideration of our July 31, 2007 order bringing the case to its present posture.

**Standard of review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).

**Discussion**

Defendant seeks reconsideration of our July 31, 2007 and argues that our conclusion is based on the incorrect factual premise that "plaintiff did not begin to receive benefits until after [her] employer [Somerset] had severed its ties with the insurance provider." (Doc. 23, Memorandum and Order of July 31, 2007 at 13, n.6). Defendant contends that this factual premise is incorrect because plaintiff became totally disabled and began receiving benefits on January 21, 1991. We are unconvinced.

2

While plaintiff's benefits may have been made *retroactive* to January 1991, she was not *awarded* the benefits until July 26, 1991, after Somerset had severed its ties with the insurance provide.  (See Compl. ¶ 26; Defendants' Brief in Support of Motion For Reconsideration at 2 (explaining that Somerset severed its ties to the policies of plaintiff and her co-workers in May 1991 - - notably defendants do not state the date upon which the insurance benefits were awarded)).  Moreover, the court referred to this fact in a footnote to distinguish another case.  It was not sole the basis of the decision, just one of *many* factors considered by the court.

The remainder of defendants' motion attempts to convince the court that we made clear error of law.  This section of the brief is merely an attempt to convince the court to change its mind and not a proper basis for a motion for reconsideration.  Thus, the motion for reconsideration will be denied.

In the alternative to its motion for reconsideration, the defendants request a certification of this issue for immediate appeal.  This request will likewise be denied.

Under 28 U.S.C. § 1292(b) we may certify an order for immediate appeal when we are " of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  We find that in this case, such certification is not appropriate.  See Orson, Inc. v.  Miraxax Film Corp., 857 F. Supp. 319, 320-21 (E.D. Pa. 1994)(explaining that the decision whether to certify an order for direct appeal is within the sound discretion of the trial court and in exercising that discretion we must be

mindful of the strong policy against piecemeal appeal).

We find no need for oral argument on this issue; therefore, the request for oral argument will also be denied.  Accordingly,

**AND NOW**, to wit, this 17th day of December 2007, the motion for reconsideration, request for certification for immediate appeal and request for oral argument (Doc. 25) are hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**